UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AFRA SIAB, *on behalf of himself and all others similarly situated*,

           *Plaintiff,*

- against -

KHALID TOKHI; HAMEED TOKHI; 7702 FOOD CORP; 1148 FOOD CORP; and 5219 FOOD CORP,

           *Defendants.*

---

**FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**

**Complaint and Jury Trial Demand**

Plaintiff AFRA SIAB ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his attorney(s), brings this Complaint against defendants KHALID TOKHI; HAMEED TOKHI; 7702 FOOD CORP; 1148 FOOD CORP; and 5219 FOOD CORP(collectively "Defendants"), and alleges upon personal knowledge as to himself and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to recover unpaid wages, including overtime compensation, from Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), Articles 6 and 19, and the supporting New York Codes, Rules, and Regulations.

2. Defendants are restaurant owners and/or operators who employed Plaintiff and other similarly situated employees at their restaurant locations in Brooklyn, New York. Despite working well in excess of forty (40) hours per week, Plaintiff and similarly situated employees were not paid overtime compensation at a rate of one and one-half times their regular hourly rate for all hours worked over forty in a workweek.

3. Defendants also failed to provide the wage notices and wage statements required by the NYLL, and failed to pay wages in compliance with applicable state and federal law.

4. Accordingly, Plaintiff seeks unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs, along with other appropriate relief.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

6. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case or controversy.

7. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district, and Defendants operate businesses within this district.

## PARTIES

8. Plaintiff is a resident of the State of New York. From approximately November 2022 until at least January 2024, Plaintiff was employed by Defendants as a non-exempt, hourly employee at one or more of Defendants' restaurant locations in Brooklyn, New York.

9. Throughout her employment, Plaintiff regularly worked well over forty (40) hours per week. Defendants failed to pay him properly for overtime hours and failed to provide required wage notices and accurate wage statements.

10. Upon information and belief, Defendant KHALID TOKHI ("Khalid") is an individual owner, shareholder, officer, director, and/or managing agent of the entity (or entities) that own and operate the restaurant(s) where Plaintiff worked. Khalid exercises operational

control over these businesses, including hiring and firing employees, setting wages, determining employee work schedules, and overseeing employment practices.

11. Upon information and belief, Defendant HAMEED TOKHI, brother or associate of Khalid, also exercised significant operational control over the day-to-day operations of Defendants' restaurants. Hammed had the authority to hire and fire employees, direct work activities, and control the terms and conditions of employment for Plaintiff and other similarly situated employees.

12. Defendant 7702 FOOD CORP, having an address, among others, or 7702 5th Avenue, Brooklyn, NY 11209, is a New York corporation.

13. Defendant 1148 FOOD CORP, having an address, among others, of 1148 Flatbush Avenue, Brooklyn, NY is a New York corporation.

14. Defendant 5219 FOOD CORP, having an address, among others, of 5219 5th Avenue, Brooklyn, NY is a New York corporation.

15. Upon information and belief, Defendants own and/or operate multiple restaurant locations in Brooklyn, New York, including a location at each of the aforementioned addresses.

16. Each restaurant is branded the same: Texas Chicken.

17. Each restaurant uses the same supplier.

18. Each restaurant has the same managers in charge of operations.

19. Each restaurant has the same owner.

20. Each restaurant trades on one another's credit, reputations and goodwill. They share marketing.

21. Each restaurant shares products and supplies with the other as they come from the same delivery process and acquisition process. In between deliveries, if one restaurant is short

on buns, or chicken or any other item, it can contact personnel at another restaurant location to get what it needs.

22. Employees move freely from one restaurant to the other, and the employment practices in terms of wages and hours is the same at all locations and set by the same people, to wit, the Individual Defendant.

23. At all relevant times, Defendants were Plaintiff's "employers" within the meaning of the FLSA and the NYLL.

24. Defendants, individually and jointly, set the terms and conditions of Plaintiff's employment and are thus jointly and severally liable for the violations alleged herein

25. Upon information and belief, Defendants have had gross annual revenue in excess of $500,000 at all relevant times.

**STATEMENT OF FACTS**

26. Plaintiff worked for Defendants at multiple locations. Based on his observations and conversations with co-workers, the alleged facts concerning wage rates, lack of overtime premium, shifts in excess of 10 hours per week, and required work uniforms were commonly applies to all hourly employees at all locations at the direction and control of the Individual Defendants.

27. In or about November 2022 he began at one of Defendants' Brooklyn-based restaurant locations, receiving hourly wages and performing non-exempt duties such as preparing and breading chicken, occasionally working at the grill, assisting with food service, and other related tasks. He took a break from the employment in or about January 2024, returned in or about October of that year, and the employment ended when he was terminated in December of that year.

28. Plaintiff's work schedule typically consisted of working at least seven (7) days per week, from approximately 10:00 a.m. until 6:00 p.m. or later each day, totaling about fifty-six (56) or more hours per week during much of her employment.

29. Despite regularly working more than forty (40) hours per week, Plaintiff was paid a flat hourly rate—initially around $11.00 per hour, later increasing to $12.00 and eventually to $13.00 per hour—without receiving any overtime premium pay of one and one-half times her regular rate for hours worked over forty in a workweek.

30. The rate fell below the minimum wage during the relevant period.

31. Plaintiff at times was required to work in excess of 10 hours per day. He did not receive any spread of hours pay when this happened.

32. Plaintiff was required to wear a uniform. It has to be maintained and fit for food service. Defendants did not offer to wash the uniform for him. Defendants did not provide him a sufficient number of uniforms to have one for each shift of the workweek.

33. At times, Defendants paid Plaintiff partially in cash and partially by check, but the payments never included an overtime premium. Defendants also failed to provide wage notices indicating Plaintiff's rate of pay, regular payday, overtime rate, and other information required by the NYLL.

34. Defendants did not provide Plaintiff with accurate wage statements listing all hours worked, overtime hours, and correct hourly rates. Instead, Defendants provided either no wage statements or inadequate statements, concealing the total number of hours worked and the wages owed.

35. Plaintiff complained about his compensation and requested raises but did not receive lawful payment for all overtime hours worked. Ultimately, Plaintiff's employment ended under

circumstances in which he was not properly compensated for his final weeks of work.

36. Defendants knew or should have known that their pay practices violated federal and state wage and hour laws. Defendants acted willfully and in bad faith by failing to pay required overtime wages and failing to provide required notices and statements.

37. Upon information and belief, other employees similarly situated to Plaintiff were subject to the same wage and hour policies and practices. They too worked over forty hours per week without overtime pay and were not provided with proper wage notices and wage statements.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all other similarly situated employees who have been employed by Defendants as hourly, non-exempt workers at Defendants' restaurant locations during the three (3) years preceding the filing of this action who were not paid overtime compensation for hours worked over forty (40) in a workweek ("FLSA Collective").

39. Plaintiff and the FLSA Collective were subject to Defendants' common policies and practices of failing to pay overtime wages. Questions of law and fact common to the FLSA Collective predominate over any questions affecting only individual members, and the prosecution of separate actions by individual members would create a risk of inconsistent rulings.

40. Plaintiff will fairly and adequately represent and protect the interests of the FLSA Collective, and has retained counsel who are competent and experienced in wage and hour litigation.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings the Second and Third Causes of Action, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all other similarly situated non-exempt employees who were employed by Defendants in New York during the six (6) years preceding the filing of this action and who were not paid proper wages an not provided with proper wage notices or statements as required by the NYLL ("New York Class").

42. The New York Class is so numerous that joinder of all members is impracticable. Although the precise number is unknown, it is believed to be substantial.

43. Common questions of law and fact predominate over any individual questions, including whether Defendants failed to pay overtime wages and failed to provide wage notices and wage statements.

44. Plaintiff's claims are typical of the claims of the New York Class. Plaintiff and the New York Class members were all subjected to the same unlawful wage policies and practices.

45. Plaintiff will fairly and adequately represent and protect the interests of the New York Class, and has retained counsel experienced in wage and hour and class action litigation.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Overtime Wage Violations

*Brought On behalf of Plaintiff and the FLSA Collective*

46. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

47. Defendants failed to pay Plaintiff and the FLSA Collective overtime wages at the rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours in a workweek, in violation of the FLSA.

48. Defendants' violations were willful and not in good faith.

49. As a result of Defendants' violations, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL – Wage Violations

*Brought on behalf of Plaintiff and the New York Class*

50. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

51. Defendants failed to pay Plaintiff and the New York Class overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked over forty (40) per week, in violation of the NYLL and associated regulations.

52. Defendants failed to pay spread of hours pay for each shift worked in excess of ten hours per week.

53. Defendants failed to pay weekly uniform pay despite requiring employees to wear uniforms and not providing for them to be washed and available for use at the start of each workshift.

54. As a result, Plaintiff and the New York Class are entitled to unpaid wages, liquidated damages, attorneys' fees, costs, and other relief under the NYLL.

### COUNT III: NYLL - Wage Notice and Wage Statement Violations

*Brough on behalf of Plaintiff and the New York Class*

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

56. Defendants failed to provide Plaintiff and the New York Class with wage notices at the time of hire and/or annually, and failed to provide accurate wage statements each pay period, as required by NYLL § 195.

57. As a result of these violations, Plaintiff and the New York Class are entitled to

statutory damages of $50 per day for each day that wage notices were not provided, up to $5,000, and $250 per day for each day wage statements were not provided, up to $5,000 per employee, along with attorneys' fees, costs, and other relief.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, on behalf of herself and all similarly situated persons, respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

i. Certification of this action as a collective action under the FLSA for the claims brought on behalf of the FLSA Collective, and designation of Plaintiff as representative of the FLSA Collective;

ii. Certification of this action as a class action under Federal Rule of Civil Procedure 23 for the New York state-law claims, and designation of Plaintiff as representative of the New York Class;

iii. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

iv. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

v. Unpaid wages, overtime, and other required compensation due to Plaintiff and the similarly situated employees under the FLSA and NYLL;

vi. Liquidated damages pursuant to the FLSA and the NYLL;

vii. Statutory damages as provided by the NYLL for Defendants' failure to provide proper wage notices and wage statements;

    viii.    Pre-judgment and post-judgment interest, as provided by law;

    ix.    Reasonable attorneys' fees and costs of the action;

    x.    An award of prejudgment and post-judgment interests;

    xi.    Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
       January 20, 2025                  **LAW OFFICE OF MOHAMMED GANGAT**

                                                    By:  _____

                                                        Mohammed Gangat, Esq.
                                                        675 3rd Avenue
                                                        Suite 1810
                                                        (718) 669-0714
                                                        mgangat@gangatllc.com

                                                       *Attorneys for Plaintiff and the FLSA Proposed*
                                                       *Collective and Rule 23 Proposed Class*